UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JULIO C. OLARTE, individually, | Case No: 2:13-cv-0044-LDG-PAL |
| Plaintiff, | |
| v. | **ORDER** |
| DHI MORTGAGE; ANY AND ALL UNKNOWN PARTIES CLAIMING BY, THROUGH UNDER AND AGAINST THE HEREIN NAMED INDIVIDUAL DEFENDANT(S) WHO ARE NOT KNOWN TO BE DEAD OR ALIVE, WHETHER SAID UNKNOWN PARTIES MAY CLAIM AN INTEREST AS SPOUSES; HEIRS, DEVISEES, GRANTEES, OR OTHER CLAIMANTS; et al.; | |
| Defendants. | |

Plaintiff Julio Olarte possesses the property located at 6180 Marasco Ct., Las Vegas, Nevada 89149. Olarte purchased the deed from D. R. Horton, Inc., on August 24, 2011. On August 26, 2011, the defendant, DHI Mortgage, was recorded in the Clark County Recording Office as the recipient of a deed of trust on the property in the Clark County Recorder's Office, showing that it had lent Olarte $360,499. Olarte disputes this and states in his complaint that he "repeatedly demanded of DHI Mortgage to prove that it had lent Julio C. Olarte any sum of

money. DHI Mortgage failed to prove that it had lent Julio C. Olarte any sum of money." *See* Complaint at 3. Shortly after, DHI sold the note and deed of trust on the property to Wells Fargo Home Mortgage, which became effective on November 1, 2011. Olarte filed a complaint on January 9, 2013, in order to "quiet title to the real Property owned by Julio Olarte." *See* Complaint at 1. DHI responded by filing a motion to dismiss the complaint on January 16, 2013 (motion #4, opposition #10, reply #11), and a request for judicial notice (#5, response #10, reply #12). On August 15, 2013, Olarte filed his motion for leave to add party defendant and to amend complaint in this action (#23, response #24).

A.   *Request for Judicial Notice*

For the reasons cited in DHI's request and reply in support of judicial notice, the court will grant the request.

B.   *Motion to Dismiss*

Defendant's motion to dismiss, brought pursuant to Rule 12(b)(6), challenges whether the Plaintiff's complaint states "a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). In ruling upon this motion, the court is governed by the relaxed requirement of Rule 8(a)(2) that the complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." As summarized by the Supreme Court, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Nevertheless, while a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In deciding whether the factual allegations state a claim, the court accepts those allegations as true, as "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's

disbelief of a complaint's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Further, the court "construe[s] the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Grp., Inc., v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007).

The court must determine whether the complaint meets the requirements to bring a quiet title claim. Nevada Revised Statute 40.010 states that "an action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." Nev. Rev. Stat. 40.010. "The burden of proof rests with the plaintiff to prove good title in himself." *Velazquez v. Mortgage Electronic Registration Systems, Inc.*, slip op., 2011 WL 1599595, at *2 (D. Nev. Apr. 27, 2011) (quoting *Breliant v. Preferred Equities Corp.*, 112 Nev. 663, 918 P.2d 314, 318 (Nev. 1996)). The elements of a quiet title claim are: (1) "the party seeking to have another party's right to property extinguished, must overcome the 'presumption in favor of the record titleholder,'" *see Nebab v. Bank of Am., N.A.*, No. 2:10-cv-01865-KJD-GWF, 2012 WL 2860660, at *5 (D. Nev. July 11, 2012) (quoting *Breliant v. Preferred Equities Corp.*, 112 Nev. 663, 918 P.2d 314, 318 (Nev. 1996)), and (2) "to allege that he has paid any debt owed on the property." *Nebab*, 2012 WL 2860660, at *5 (citing *Ferguson v. Avelo Mortgage, LLC.*, No. B223447, 2011 WL 2139143, at *2 (Cal. App. 2d June 1, 2011)).

In *Nehab*, the court dismissed the quiet title claim when the plaintiff failed to pay the debt owed on the property. *Nebab*, 2012 WL 2860660, at *5 ("[p]laintiff has not alleged that he can prove good title in himself and he does not dispute his failure to pay the debt owed on the property . . . accordingly, the Motion to Dismiss this cause of action [is] granted"). In *Rivera v. Recontrust*, the court dismissed a quiet title claim because the plaintiff "has failed to show that she has satisfied all encumbrances against the Property. Plaintiff has not plead specific facts showing that title could be quieted in her name or that she could meet her burden of proving good title in herself. Accordingly, the claim for quiet title fails." *Rivera v. Recontrust Co., N.A.*, 2:11-cv-

3

01695-KJD-PAL, 2012 WL 2190710, at *4 (D. Nev. June 14, 2012).  Also, a plaintiff's quiet title claim was dismissed when "they ask[ed] the Court to clear title in their name because '[d]efendants have dirty hands and have not behaved in an equitable manner.'" *Robins v. Wolf Firm*, No. 2:10-cv-0424-RLH-PAL, 2010 WL 2817202 (D. Nev. July 15, 2010).  The court goes on to say that "[e]ven if this is true, it does not entitle the Robins to title to property when they have not met their mortgage obligations." *Id*; *see also Ensley v. LaSalle Bank, NA*, 2008 WL 6062193, at *1, 238 P.3d 809 (Nev. 2008) (unpublished) (summary judgment granted when the plaintiff "implicitly recognized the existence of a mortgage loan secured by [the plaintiff's] residence . . . and did not allege that the loan had been fully paid").

Here, Olarte must overcome the presumption in favor of the record titleholder.  He has not tipped the presumption in his favor.  Olarte claims that he "repeatedly demanded of DHI Mortgage to provide that it had lent Julio C. Olarte any sum of money" and that "DHI Mortgage failed to provide that it had lent Julio C. Olarte any sum of money."  The fact that DHI has not responded to Olarte's demands does not satisfy the presumption in favor of DHI, who is the record titleholder, because DHI has produced the promissory note and deed of trust.

Olarte must establish that he has paid off all debt owed to the property.  Just as in *Rivera*, Olarte has failed to show or allege that he has "satisfied all encumbrances against the property," *see Rivera*, 2012 WL 2190710, at *4.  DHI has produced the promissory note and the deed of trust with Olarte's signature on each, indicating his obligation to pay the debt.  Olarte's only response is to the note, stating that "it is an issue of material fact that requires additional discovery and proceedings."  Olarte does not allege or dispute that the signature on the note was forged or produce a different note with different terms thereon than the note produced by DHI. Moreover, in his motion for leave to add party defendant and to amend complaint (#23), Olarte expressly acknowledges that the property remains subject to a mortgage that has not been satisfied in full.  Thus, he does not satisfy the second element of a quiet title claim.

4

Olarte further contends that it "cannot be established by judicial notice of whether or not this is the real, original, and 'wet-ink' Note for Plaintiff's property." This court has ruled that there is no obligation on the lender to provide the original note. *Potter v. BAC Home Loans Servicing, LP.*, No. 2:10-CV-02095-GMN-LRL, 2011 WL 2971204, at *8 (D. Nev. July 19, 2011) ("[I]t is clear under *Roberts* and related Nevada case law that lenders, or other entities . . . that are involved in transacting a mortgage, do not have an affirmative duty to produce the original mortgage note"; citing *Roberts v. McCarthy*, No. 2:11-CV-00090-KJD-LRL, 2011 WL 1363811, at *4 (D. Nev. Apr. 11, 2010)). Even if the note is not the "wet-ink" document, it bears no weight on the legal outcome because that fact fails to address either of the two elements of a quiet title claim. Accordingly, the court will grant defendant's motion to dismiss.

C.  *Motion for Leave to Add Party Defendant and to Amend the Complaint*

As DHI points out, Olarte's motion for leave to add party defendant and to amend the complaint violated LR 15-1 in that it fails to attach the proposed amended complaint to the motion. Even after notice of this defect, Olarte has not timely replied nor submitted the proposed amended complaint. On that ground alone, Olarte's motion should be denied; the court is unable to evaluate the grounds for adding a new party or amending the complaint.

In any event, on the record as it stands, Olarte's motion expressly acknowledges that the property remains subject to a mortgage that has not been satisfied in full. Therefore, the determinations of the court with respect to DHI's motion to dismiss Olarte's quiet title action would remain undisturbed even with the addition of an additional party. Therefore,

THE COURT HEREBY ORDERS that defendant DHI's request for judicial notice (#5) is GRANTED.

THE COURT FURTHER ORDERS that defendant DHI's motion to dismiss the complaint (#4) is GRANTED.

5

THE COURT FURTHER ORDERS that plaintiff's motion for leave to add party defendant and to amend complaint (#23) is DENIED.

THE COURT FURTHER ORDERS that, as no defendants remain in the action, this case is hereby DISMISSED.

Dated this 27 day of September, 2013.

_____
Lloyd D. George
United States District Judge